

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 740 - 3 | **DATE** | 7/8/2003 |
| **CASE TITLE** | United States of America vs. Robert Moore | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion for modification of sentence pursuant to 18 USCA 3582(c)(2), compelling and extraordinary circumstances. The motion is denied.

(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 02 CR 740 |
| | ) | |
| ROBERT MOORE, | ) | |
| Defendant. | ) | |

DOCKETED
JUL 0 9 2003

## MEMORANDUM OPINION AND ORDER

Defendant seeks a reduction in sentence or release from sentence because he wishes to have a heart transplant, which he apparently can get through the VA but not through the Bureau of Prisons. At the time of sentencing he did not wish to have that operation but, because of his health problems, he was designated to Rochester, Minnesota. Subsequent medical advice has apparently caused him to change his mind, although it is unclear whether he still must lose weight before such an operation can be performed.

Unfortunately for defendant, the court no longer has jurisdiction to modify his sentence and, thus, to participate in decisions regarding his future medical treatment. He is pursuing administrative relief and, apparently, has a right to appeal the denial of his petition. That is the procedure he must pursue. In the meantime, he can also seek to make arrangements with the VA for an operation after his release, which is only a few months off. But we cannot help. The motion is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

July 8, 2003.